657 F.2d 269
 108 L.R.R.M. (BNA) 2864, 91 Lab.Cas. P 12,854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry Parker et al., Plaintiffs-Appellees
v.
International Brotherhood of Teamsters, Chauffeurs,
Warehousemen and Helpers of America, Local 413 et
al., Defendants-Appellants.
 Nos. 80-3568, 80-3569.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1981.
 
 Before KEITH, MERRITT and MARTIN, Circuit Judges.
 
 PER CURIAM
 
 1
 Defendant-Appellants Local 413 and Consolidated Freightways appeal a district court decision finding that they breached, respectively, the duty of fair representation and the collective bargaining agreement in a contract modification vote. The modification was to establish a "flexible work-week" at Consolidated's Columbus, Ohio facility. Both the Company and the Union had signed the National Master Freight Agreement and the Central States Area Local Cartage Supplemental Agreement, which required that a flexible work-week could be established only pursuant to certain Guidelines, including that the proposal be "[a]ccept[ed] by the majority of the employees (51%) affected at the facility in question" (quoted in District Court's Opinion, App. 36).
 
 
 2
 On March 9, 1978, upon little or no notice and after an acrimonious discussion of the issue, an election on the issue was held in chaotic circumstances. After two voting sessions, at which 57 of the 62 eligible employees voted, the result was a 28 to 28 tie, with one disputed ballot. Nonetheless Union representatives declared that the proposal passed by a 31 to 28 vote. The man who cast the disputed ballot told the terminal manager that he meant his vote to be in favor of the proposal. Employees who did not attend work that day were told they would have no opportunity to vote. The following day, unbeknownst to the employees, the Union and the Company signed a supplement to the Agreement providing for a flexible work week, which was implemented in July 1978. Large numbers of employees soon presented complaints to the Union, protesting the conditions surrounding the election and the impossibility of the tally. After an "investigation," which consisted solely of a recount by the Union secretary-treasurer who had supervised the election, the correct result of 29 to 28 was announced. No procedural irregularities were uncovered.
 
 
 3
 In July 1978 plaintiffs brought the present action, requesting declaratory judgment, attorneys fees and costs. After a bench trial the district court held that plaintiffs' numerous complaints to Union officials sufficed to exhaust their intra-union remedies (App. 47 n. 1). The court then cited precedent holding that the requirement of exhaustion of contractual remedies is waived when "absolutely futile," Glover v. St. Louis & San Francisco Ry. Co., 393 U.S. 324, 331 (1969), and that one example of such futility is when the union itself was involved in the alleged wrongdoing, for use of the [contractual remedies] would lead "to the anomalous result that, because of the union's indispensable role in shepherding a grievance through the various levels of the grievance machinery[,] a successful prosecution of the [employees'] grievances would depend on the union aggressively proving its own 'misconduct' " (App. 49, quoting Battle v. Clark Equipment Co., 579 F.2d 1338 (7th Cir.1978)). He found this to be the situation in the present case. We agree. As the district court stated, ample evidence exists to support the conclusion that the Union and Consolidated had worked jointly to deprive the employees of the meaningful exercise of their right to vote, that the Union was not interested in considering--nor certainly in representing--the complaints presented by the employees, and that "the Union and the Company would have presented a unified front in opposition to these plaintiffs" in any grievance procedure (App. 47-50). We do not think the district court erred in finding that pursuit of the contractual grievance process would have been futile and that, therefore, plaintiffs could obtain judicial review without satisfying the exhaustion requirement.
 
 
 4
 On the merits of the case, the district court found that the Union had breached its duty of fair representation under 29 U.S.C. Sec. 185 by depriving the employees "their contractual right to cast a meaningful ballot" (App.51) guaranteed by Article 7(1)(B) of the Guidelines, because of the lack of notice and full discussion prior to the election, the chaos and procedural irregularities in the election itself, the failure to provide absent employees an opportunity to vote, the reliance upon a disputed vote in a 29 to 28 election?, and the refusal to conduct a meaningful review after receiving various complaints. The court also found that Consolidated breached the collective bargaining agreement in relying upon the vote to implement the flexible work-week, because the Company had not merely relied in good faith upon the Union's representations but rather had been "totally involved" (in the words of the terminal manager) in the whole procedure. These are conclusions of issues of fact, and this court may not reverse the decision of the district court unless they are found to be clearly erroneous. The Union responds in its brief that it does not believe its actions were so arbitrary, discriminatory, or in such bad faith as to violate its duty set forth in Vaca v. Sipes, 386 U.S. 171 (1967), and Ruzicka v. General Motors Corp., 523 F.2d 306 (6th Cir.1975). But it does not produce any persuasive reasons why this court should upset the district court's findings and conclusion as erroneous. Nor does Consolidated's reply brief. We therefore affirm the district court's resolution of the merits of this case.
 
 
 5
 We also affirm the district court's conclusion that changed conditions rendered improper a simple reversal of the vote. He ordered instead that a new election be conducted. The new vote has since occurred, and the proposal for a flexible work-week was decisevely defeated. Because we affirm the district court's order that a new election be held, the result of the later election will stand.
 
 
 6
 Finally, the district court imposed full liability for attorney's fees upon the Union because it was "chiefly responsible for the original denial of the voting rights (although the Company has been held liable for its complicity), and the Union further made this litigation unavoidable by turning a virtually deaf ear to the plaintiffs' subsequent objections to the election" (App. 58). The court, however, had found--and we have affirmed the finding--that the Company was intimately involved in the improper conduct in this case. We believe that the decision to hold the Union fully responsible for the payment of attorney's fees is inconsistent with the finding of joint wrongdoing, and that it would be more proper for the fees to be apportioned equally between the Union and Consolidated. Accordingly, the district court's order is modified in this respect, and as modified it is affirmed.